Mr. Justice Walker delivered tbe opinion‘of the Court. This was an action of debt by attachment, brought by Dren-nen against James Brown, Sen. Amongst other property attached was a negro boy, Jerry, to which James Brown, Jr., set up claim, and filed his interplea, under the provisions of the statute, upon which issue was taken, and a trial had before the court sitting as a jury. The court, after hearing the evidence, decided the issue in favor of the interpleader (James Brown, Jr.,) upon which judgment was rendered for him. The appellant thereupon filed his motion for a new trial, for the reason that the court, so sitting as a jury, decided contrary to law and evidence; which motion the court overruled, and the appellants appealed to this court. There was no exception to the evidence, and the record presents the single enquiry whether the court erred in refusing to grant a new trial upon the ground that the finding was contrary to evidence. New trials are never granted for this cause unless the evidence is clearly insufficient to sustain the verdict; indeed it has been a matter of doubt upon high authority whether the decision of the Circuit Court ought ever to be disturbed for refusing a new trial, upon the sole ground that the verdict is contrary to evidence. Such doctrine approximates very nearly to interfering with the right of trial by jury, whose peculiar province it is to weigh the evidence and determine the facts. The rule laid down by this court, and to which we will adhere, is that the verdict must be not only against the weight of evidence, but so much so as at first blush to shock our sense of justice and right. Webb vs. Howell, 2 Ark. 364. This court will not grant a new trial upon a mere question of weight of evidence. Mayers vs. The State, 2 Eng. 174. We have, upon a former occasion during the present term, intimated that our decisions had already extended as far in reviewing the discretionary powers of the circuit courts in regard to new trials as is warranted by authority; and whilst we do not feel disposed to recede from the position assumed, we will not indulge in its extension. In the case before us there was offered in evidence a bill of sale for the slave claimed in the interplea, which was read without objection. This bill of sale was of itself evidence of title. The plaintiff then proved by a witness that he was present when the bill of sale was executed, subscribed it as a witness, and saw the consideration, f250, paid. The claimant was the nephew of the defendant in the attachment suit, lived with him, made his house a home, but was frequently absent. The nephew but seldom assumed control over the boy; he remained in the possession of the uncle, and worked for him with his other slaves, eight in number. Appellant proved by two witnesses that they were acquainted with the witness who deposed to the payment of the money, and were acquainted with his general character amongst his neighbors, and that, from their knowledge of his character for veracity, they would not believe him on oath in a case where a white man and Cherokee were opposed: whilst other witnesses proved that they were and had long been his neighbors and knew nothing against his character. It was also proved that James Brown, Sr., when the boy was attached, said the boy was his. This is substantially the proof, which was, no doubt,- on the part of the appellant, designed for the double purpose of discrediting the sale itself and attaching fraud to the transaction. These circumstances it was the province of the jury or court representing a jury to weigh and determine, and of which they are the peculiar judges. Witnesses are brought before them, when they can scan their whole deportment and bearing, by which they not unfrequently derive the most important aid in arriving at the truth, and from circumstances which are never brought upon the record or before this court. It is not for us to decide whether we would have made a like decision or believe the evidence properly weighed. The court, who heard it and rendered the verdict, was far better qualified to pass upon the credit and weight to be given to it than we could be, and in its discretion have refused to disturb the decision. And, upon examination of the evidence before us, we are not prepared to say that the decision was so decidedly against the weight of evidence as to bring it within the rule which has been repeatedly recognized by this court, and which we have adopted as our guide in this case. The judgment of the Circuit Court is, in all things, affirmed.